
0057/272

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* -(TORT)- MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# Commonwealth of Massachusetts

ESSEX, ss.
SUPERIOR COURT
CIVIL ACTION
No.

WILLIAM McDERMET, Plaintiff(s)

v.

PORCH.COM, INC., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon WILLIAM McDERMET, plaintiff's attorney, whose address is 4 SECOND STREET, IPSWICH, MA 01938, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at SALEM either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the TENTH day of JANUARY, in the year of our Lord two thousand NINETEEN

Thomas H. Driscoll Jr.
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20 ___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5)):

_____

_____

_____

Dated: _____, 20 ___                    _____

N.B.  TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

┌────────────────────────────┐
│                   , 20     │
└────────────────────────────┘

RECEIVED
CIVIL
2019 JAN 14  PM 2:17
KING COUNTY SHERIFF

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

ESSEX, SS.

VILLIAM MCDERMET
Plaintiff(s)

v.

PORCH.COM, INC.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)



COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.  SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO: 19 CV 00038 A

|  |  |
|---|---|
| WILLIAM MCDERMET | ) |
| Plaintiff | ) |
| v. | ) |
| CT INSTALL AMERICA, LLC  PORCH.COM, INC. | ) |
| Defendant | ) |

FILED
ESSEX SUPERIOR COURT
2019 JAN -9 P 12:36

## COMPLAINT AND JURY DEMAND

1. This is a civil action for damages based on the defendant's violations of: the Federal Telephone Consumer Protection Act (47 U.S. Code § 227); Massachusetts's Telemarketing Solicitation statute (M.G.L.c. 159C); and the Massachusetts Consumer Protection Act (M.G.L. c. 93A).

## THE PARTIES

2. Plaintiff, WILLIAM MCDERMET, is a natural person residing currently and at all times relevant to this action in Ipswich, Essex County, Massachusetts.

3. Defendant CT Install America, LLC is a limited liability company registered with the Pennsylvania Department of State and the Massachusetts Secretary of State, organized under the laws of Delaware, and headquartered at 1353 Alleghenyville Road, Mohnton, PA 19540, with an office at 1A Airport Drive Extension, Hopedale, MA 01747

4. Defendant Porch.com, Inc. is a corporation registered with the Washington Secretary of State, organized under the laws of Delaware, and headquartered at 2200 First Avenue South, Seattle, WA 98134.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the causes of action alleged in this Verified Complaint because the defendants have had sufficient contact with Massachusetts in connection with the causes of action alleged in this Verified Complaint pursuant to G.L. c. 223A, § 3, and c. 93A. Defendant CT Install maintains an office within the Commonwealth.

6. The Plaintiff has been a Massachusetts resident at all times during the events enumerated in this Complaint.

7. Venue is appropriate because the violations complained of all occurred in Essex County, Massachusetts.

## STATEMENT OF FACTS

8. Plaintiff registered his residential home telephone number (978-356-0256) and cellular telephone number (978-270-8669) with both the State and Federal Do-Not-Call Registries on August 16, 2003, and January 28, 2010, respectively, in accordance with G.L. c.

159C, 201 CR 12.05, 47 U.S. Code 227 (the Telephone Consumer Protection Act), and 16 C.F.R. § 310.4(b)(1)(iii)(B).

9. On 135 occasions, Defendants, or their agents, telephoned Plaintiff on his cellular phone (978-270-8669), or on his residential landline (978-356-0256).

| Call Date | Call Time | Number Calling |
|---|---|---|
| 4/27/16 | 17:13:29 | 405-421-0331 |
| 5/10/16 | 10:56:59 | 978-224-9012 |
| 10/7/16 | 17:05:55 | 978-206-6248 |
| 12/15/16 | 11:47:16 | 510-782-5410 |
| 12/15/16 | 14:10:37 | 978-206-6038 |
| 12/15/16 | 14:18:11 | 508-455-4918 |
| 12/15/16 | 14:26:40 | 617-329-5648 |
| 12/15/16 | 14:56:05 | 617-699-2006 |
| 12/16/16 | 10:24:00 | 248-687-6823 |
| 4/19/17 | 13:05:34 | null |
| 4/19/17 | 14:20:04 | 888-523-6989 |
| 5/16/17 | 18:03:41 | ?? |
| 5/17/17 | 12:38:09 | 978-986-4646 |
| 5/17/17 | 14:54:09 | 610-365-3140 |
| 5/20/17 | 9:33:37 | 610-365-3140 |
| 6/5/17 | 9:34:38 | 802-222-0488 |
| 6/13/17 | 12:23:42 | 978-270-1264 |
| 6/29/17 | 13:33:28 | 978-705-4051 |
| 6/29/17 | 16:21:04 | null |
| 6/29/17 | 16:35:41 | null |
| 7/11/17 | 15:20:57 | null |
| 7/11/17 | 15:27:21 | null |
| 8/1/17 | 20:53:50 | null |
| 8/1/17 | 20:53:50 | null |
| 8/10/17 | 18:37:40 | 754-339-8267 |
| 8/10/17 | 18:37:40 | 754-339-8267 |
| 8/16/17 | 13:37:11 | 754-339-8267 |
| 8/16/17 | 16:08:07 | null |
| 8/16/17 | 17:43:03 | 855-630-0666 |
| 8/17/17 | 12:55:25 | 325-388-4526 |
| 8/17/17 | 15:33:38 | 857-444-4143 |
| 8/18/17 | 19:29:33 | 310-271-4287 |
| 8/18/17 | 20:23:07 | null |
| 8/22/17 | 18:25:32 | 904-701-2736 |
| 8/23/17 | 10:50:34 | 904-701-2736 |
| 8/23/17 | 12:03:59 | 617-909-7258 |
| 8/24/17 | 13:05:34 | 978-356-1037 |
| 8/25/17 | 13:07:47 | 978-356-1414 |
| 8/25/17 | 13:57:50 | 978-270-1375 |
| 8/29/17 | 11:21:43 | 617-909-7258 |
| 9/7/17 | 13:02:26 | 816-210-2541 |
| 10/13/17 | 17:05:23 | 978-270-1160 |
| 10/17/17 | 15:55:41 | 954-201-0065 |
| 10/17/17 | 15:56:22 | 954-201-0065 |
| 11/3/17 | 16:25:26 | 520-900-5610 |
| 11/21/17 | 10:23:28 | 978-270-4778 |
| 11/27/17 | 9:20:14 | 978-707-5033 |
| 12/1/17 | 17:44:31 | 718-399-6158 |
| 12/7/17 | 11:10:27 | 310-786-7832 |
| 12/12/17 | 18:39:57 | 772-589-5088 |
| 12/12/17 | 18:51:44 | 772-589-5088 |
| 12/13/17 | 18:40:12 | 772-589-5088 |
| 12/14/17 | 13:42:24 | 718-863-4263 |
| 12/17/17 | 16:42:02 | 877-228-1980 |
| 12/17/17 | 16:56:31 | 888-512-1008 |
| 12/18/17 | 15:44:45 | 888-512-1008 |
| 12/21/17 | 15:53:44 | 718-848-9637 |
| 12/21/17 | 10:30:56 | 888-512-1008 |
| 12/22/17 | 12:13:37 | 978-356-6520 |
| 12/31/17 | 13:48:10 | 888-512-1008 |
| 1/2/18 | 10:05:08 | 631-867-3599 |
| 1/2/18 | 17:55:25 | 631-867-3599 |
| 1/5/18 | 11:25:49 | 615-242-9191 |

| Date | Time | Number | Date | Time | Number |
|---|---|---|---|---|---|
| 1/5/18 | 18:10:34 | 580-436-3431 | 5/14/18 | 16:25:35 | 718-254-7800 |
| 1/9/18 | 12:01:58 | 949-448-7429 | 5/14/18 | 16:34:18 | 718-254-7800 |
| 1/10/18 | 15:06:30 | 949-448-7429 | 5/15/18 | 12:57:51 | null |
| 1/15/18 | 11:18:29 | 866-574-1713 | 5/25/18 | 15:31:33 | 953-091-4214 |
| 1/15/18 | 13:42:52 | 508-210-3968 | 6/1/18 | 13:20:37 | 978-270-7975 |
| 1/18/18 | 11:21:03 | 866-574-1713 | 6/1/18 | 15:18:50 | 978-356-7184 |
| 1/30/18 | 18:40:01 | 978-876-4276 | 6/7/18 | 14:02:30 | 978-356-2414 |
| 2/12/18 | 9:24:14 | 209-890-1613 | 6/8/18 | 19:03:53 | 580-756-4698 |
| 2/14/18 | 15:09:30 | 928-268-2904 | 6/8/18 | 20:44:55 | 580-756-4698 |
| 2/17/18 | 13:19:58 | 978-744-6996 | 6/11/18 | 11:48:02 | 978-356-4541 |
| 2/21/18 | 18:07:36 | 978-270-2897 | 6/12/18 | 11:49:12 | 580-756-4698 |
| 2/26/18 | 15:40:41 | 978-270-5958 | 6/12/18 | 12:34:25 | 310-724-6384 |
| 2/27/18 | 13:06:40 | 978-270-7532 | 6/12/18 | 15:22:42 | 213-980-7834 |
| 3/2/18 | 13:24:25 | 310-887-0561 | 6/20/18 | 13:26:14 | 978-356-3819 |
| 3/2/18 | 16:58:21 | 310-887-0561 | 6/27/18 | 19:31:49 | 978-356-1756 |
| 3/7/18 | 12:21:24 | 978-875-6897 | 6/28/18 | 13:01:14 | 978-270-1469 |
| 3/10/18 | 14:10:15 | 978-875-4647 | 6/28/18 | 15:07:37 | 919-299-4125 |
| 3/10/18 | 15:37:37 | 407-358-8517 | 6/30/18 | 19:22:12 | 978-270-1652 |
| 3/10/18 | 15:48:26 | 407-358-8517 | 7/13/18 | 19:59:49 | 978-877-1611 |
| 3/12/18 | 15:34:27 | 516-670-9591 | 7/17/18 | 17:53:33 | 310-276-7478 |
| 3/13/18 | 11:10:54 | 516-670-9591 | 7/26/18 | 12:26:18 | 978-270-1787 |
| 3/13/18 | 13:21:28 | 407-627-1213 | 7/26/18 | 14:20:01 | 978-356-1465 |
| 3/13/18 | 13:42:10 | 978-877-0099 | 7/26/18 | 16:21:02 | 978-356-1211 |
| 3/13/18 | 14:13:06 | 601-683-2689 | 8/30/18 | 11:24:39 | 201-552-8765 |
| 3/13/18 | 17:17:16 | 847-395-8776 | 8/31/18 | 15:58:25 | 201-552-8765 |
| 3/15/18 | 18:35:04 | 978-876-1692 | 9/11/18 | 16:13:54 | 978-876-6802 |
| 3/16/18 | 12:46:52 | 478-494-3795 | 10/2/18 | 13:10:26 | 978-874-7980 |
| 3/20/18 | 18:26:52 | 785-766-8256 | 10/2/18 | 17:32:00 | 978-875-0644 |
| 3/26/18 | 13:58:22 | 978-270-1521 | 10/10/18 | 17:22:09 | 240-544-7368 |
| 3/29/18 | 16:02:20 | 978-356-1845 | 10/17/18 | 18:22:53 | 560-875-8768 |
| 3/31/18 | 17:55:23 | 978-270-1547 | 10/22/18 | 15:25:48 | 978-876-2383 |
| 3/31/18 | 18:34:00 | 978-270-1046 | 11/7/18 | 12:41:49 | 708-873-5935 |
| 4/26/18 | 18:36:52 | 978-270-4268 | 11/7/18 | 17:49:45 | 978-876-2469 |
| 4/27/18 | 14:28:50 | 978-874-5857 | 11/8/18 | 16:28:18 | 978-875-1327 |
| 4/27/18 | 17:09:12 | 740-849-1234 | 11/19/18 | 14:45:31 | 177763255 |
| 4/27/18 | 17:17:19 | 978-874-6780 | 11/27/18 | 18:06:48 | 177763255 |
| 5/5/18 | 18:53:32 | 718-254-7800 | 11/27/18 | 18:26:16 | 177763255 |

10. Nineteen of these calls began with a mechanical or recorded voice, which asked if Plaintiff needed home improvement services.

11. These callers gave several different company names, including: Kitchen Magic; Home Improvement USA; Home Improvement Services; National Home Improvement; and U.S. Home Improvement.

12. During many of these calls, Plaintiff asked the caller for the name and address of his organization. None of the callers ever provided the name of their organization, or its location. On some occasions, the caller gave the Plaintiff's address. On March 13, 2018, the caller's reply to this request was "Fuck off", on March 29, 2018 "Fuck you, motherfucker." During a call on September 11, 2018, the caller replied to this request with "Are you trying to scare us? You can go fuck yourself."

13. During many of these calls, Plaintiff feigned interest, purely in an effort to learn the identity of the caller. Plaintiff was sometimes then transferred a home improvement contractor. Plaintiff sent these contractors demand letters demanding that they or their agents stop calling him, and asking that they provide the identities of their lead generators. Some of these contractors indicated that Porch.com or CT Install America were the lead generators.

14. On most of the above occasions when Plaintiff spoke with a live person, that person did not know Plaintiff's name.

15. The numbers shown on Plaintiff's caller identification on most of these occasions could not be redialed.

16. On ten of these occasions, Plaintiff's caller ID showed no number.

17. At no time did Plaintiff give Defendant or their agent express written permission to call either of his telephone numbers.

18. On January 15, 2018, Plaintiff sent a letter to Defendant CT Install, demanding that Defendant stop calling him, and that Defendant provide him with the name of any lead generators who had initiated any of these calls. Defendant received this letter via certified mail on January 22, 2018.

19. On January 21, 2018, Plaintiff sent a letter to Defendant Porch.com, demanding that Defendant stop calling him, and that Defendant provide him with the name of any lead generators who had initiated any of these calls. Defendant received this letter via certified mail on March 6, 2018.

20. Plaintiff never received any response to these demand letters.

21. Most of these calls follow identical patterns of questions. For this reason, Plaintiff believes that Defendants are using the same out-of-country call center (or centers) to generate these calls.

### COUNT I

### VIOLATIONS OF FEDERAL DO-NOT-CALL LAWS

22. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-22 as if fully set forth herein.

23. Defendants on 128 occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(A)(iii) by calling Plaintiff's cellular telephone number, which was and is registered

with the State and Federal Do-Not-Call Registries, those calls not being made to collect a debt, and without Plaintiff's express written permission.

24. Defendants on seven occasions knowingly and intentionally violated 47 CFR § 64.1200(c)(2) – and therefore 47 U.S. Code § 227(c)(3)(G) – by calling Plaintiff's residential telephone number, which was and is registered with the State and Federal Do-Not-Call Registries, and after being notified by Plaintiff that he did not wish to be called, those calls not being made to collect a debt, and without Plaintiff's express written permission.

25. Defendants on 135 occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(B) and 15 U.S. Code § 6102(a)(3)(A) by calling Plaintiff's cellular telephone number using an automatic telephone dialing system, as defined in 47 U.S. Code § 227(a)(1). As evidenced by Defendant's ignorance of who they were calling.

26. Defendants on 135 occasions knowingly and intentionally violated 47 U.S. Code § 227(e)(1) and 15 U.S. Code § 6102(a)(3)(A) by blocking the Plaintiff's caller identification device, and in so doing committed seven distinct violations of 47 U.S. Code § 227.

27. Defendants are jointly and severally liable for these violations, because these calls come from the same call center (or centers), which both Defendants have contractual relationships with, and which are therefore simultaneously agents of both Defendants.

## COUNT II

### VIOLATIONS OF THE MASSACHUSETTS DO-NOT-CALL STATUTE M.G.L. c. 159C AND THE MASSACHUSETTS CONSUMER PROTECTION ACT

28. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-27 as if fully set forth herein.

29.     Defendants on 135 occasions knowingly and intentionally violated M.G.L.c.159C§3(i) and 201 CMR 12.02(1) by calling Plaintiff's cellular or residential telephone number, which were and are registered with the State and Federal Do-Not-Call Registries, those calls not being regarding a debt, and without Plaintiff's express written permission.

30.     Defendants on nineteen occasions knowingly and intentionally violated M.G.L.c.159C§3(iv) and 201 CMR 12.02(4) by using a recorded message.

31.     Defendants on all 135 occasions knowingly and intentionally violated M.G.L.c.159C§4 and 201 CMR 12.02(5) by blocking Plaintiff's caller identification device.

32.     Defendants on all 135 occasions knowingly and intentionally violated M.G.L.c.159C§5A(a), 201 CMR 12.02(7) by not disclosing the correct name of the telemarketing company or the name of the ultimate seller.

33.     All of the above acts constituted a violation of the Massachusetts Consumer Protection Act, M.G.L.c.93A, being unfair and deceptive acts.

34.     Defendants are jointly and severally liable for these violations, because these calls come from the same call center (or centers), which both Defendants have contractual relationships with, and which are therefore simultaneously agents of both Defendants.

**WHERFORE**, Plaintiff requests that this honorable Court:

A.     Enter judgment against Defendants on all counts, jointly and severally;

B.     Award damages in the amount of $202,500 for the 405 separate violations enumerated in Count I: $500 for each as a violation of Federal law per 47 U.S. Code §§ 227(b)(3)(B) and 227(c)(5)(B), including violations of 47 CFR § 64.1200(c)(2);

C.  Award damages of $67,500, being $500 for each of the 135 separate violations in Count II.  The Court can award up to $5,000 for each as a violation of Massachusetts law per M.G.L.c.159C §5(b)(2).  Plaintiff suggests that the Court be guided by the Federal law, and award $500 per violation;

D.  Award damages to Plaintiff for violations of M.G.L. c. 93A, as outlined in this Complaint;

E.  Award damages to Plaintiff and double or treble all such damages, as applicable and as the court deems appropriate, pursuant to the provisions of M.G.L. c. 93A §2, and 47 U.S. Code § 227;

F.  Award Plaintiff costs of suit; and

G.  Issue a Permanent Injunctive Order enjoining Defendant from ever contacting Plaintiff by telephone, at his home or cellular telephone numbers, as allowed by 47 U.S. Code §§ 227(c)(5)(A) and 227(b)(3)(A).

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE**

By William McDermet, pro se

*/s/ W. McDermet*  1/9/19

William McDermet
4 Second Street
Ipswich, MA 01938
978.270.8669
xebec2718@gmail.com
BBO #698527



| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1977CV00038A | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** William McDermet | | **COUNTY** Essex |
| **ADDRESS:** 4 Second Street, Ipswich, MA 01938 | **DEFENDANT(S):** CT Install America, LLC; Porch.com, Inc | |
| **ATTORNEY:** William McDermet | | |
| **ADDRESS:** 4 Second Street, Ipswich, MA 01938 | **ADDRESS:** CT Install America, LLC: 1353 Alleghenyville Road, Mohnton, PA 19540; Porch.com, Inc.: 2200 First Avenue South, Seattle, WA 98134 | |
| **BBO:** | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BH 1 | Violations of Trade Laws | A | [X] YES   [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ........................................................... $
  2. Total doctor expenses ............................................................. $
  3. Total chiropractic expenses .................................................... $
  4. Total physical therapy expenses ............................................ $
  5. Total other expenses (describe below) ................................... $
      Subtotal (A): $

B. Documented lost wages and compensation to date ................... $
C. Documented property damages to dated ................................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ............................................ $
F. Other documented items of damages (describe below) .............. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Violations of the Federal Telephone Consumer Protection Act, 47 U.S. Code § 227
Violations of M.G.L. c. 159C

**TOTAL: $ 270,000**

Signature of Attorney/Pro Se Plaintiff: X  W. M____    Date: 1/9/19

FILED ESSEX SUPERIOR COURT 2019 JAN -9 P 12:36

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**    Date:

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                                          SUPERIOR COURT DEPARTMENT
                                                                   C. A. NO. 19-CV-00038-A

WILLIAM MCDERMET,                         )
                                          )
                    Plaintiff,            )
                                          )
      v.                                  )
                                          )
CT INSTALL AMERICA, LLC,                  )
                                          )
PORCH.COM, INC.                           )
                                          )
                    Defendants.           )
                                          )

## STIPULATION REGARDING EXTENSION OF TIME
## FOR PORCH.COM, INC. TO RESPOND TO COMPLAINT

Plaintiff William McDermet and Defendant Porch.com, Inc. ("Porch"), through counsel, hereby stipulate and agree that the time for Porch to answer, move, or otherwise plead in response to the Complaint and Jury Demand is hereby extended to and including Monday, February 25, 2019.

WILLIAM MCDERMET                                    PORCH.COM, INC.

Pro Se,                                             By Its Attorneys,

_[signature] 1/31/19_                               _[signature]_
William McDermet (BBO #698527)                      Peter E. Ball (BBO #546031)
4 Second Street                                     Ryan M. Cunningham (BBO #661440)
Ipswich, MA 01938                                   FITCH LAW PARTNERS LLP
(978) 270-8669                                      One Beacon Street, 16th Floor
Xebec2718@gmail.com                                 Boston, MA 02108
                                                    (617) 542-5542
                                                    peb@fitchlp.com
                                                    rmc@fitchlp.com

Dated: January 31, 2019

- 2 -

## CERTIFICATE OF SERVICE

I, Ryan M. Cunningham, hereby certify that a true copy of the above document was served upon Plaintiff by first-class mail, postage prepaid, on February 1, 2019.

_____
Ryan M. Cunningham