**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

WILLIAM MCDERMET

               Plaintiff,

     v.

CT INSTALL AMERICA, LLC,
PORCH.COM, INC.

               Defendant.

Civil Action No.  1:19-cv-10284-RGS

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT PORCH.COM, INC.'S MOTION TO DISMISS**
**<u>PLAINTIFF'S COMPLAINT WITH PREJUDICE</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

RELEVANT ALLEGATIONS ............................................................................. 2

ARGUMENT ......................................................................................................... 4

I.      APPLICABLE LEGAL STANDARDS ....................................................... 4

     A.     Federal Rule 12(b)(2) – Lack of Personal Jurisdiction ............................. 4

     B.     Federal Rule 12(b)(6) – Failure to State a Claim ..................................... 6

II.     THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION. .................................................. 6

     A.     Plaintiff's Jurisdictional Allegations Are Facially Deficient. ................. 7

     B.     The Massachusetts Long-Arm Statute Does Not Apply to Plaintiff's Claims. ....................................................................................................... 7

     C.     Personal Jurisdiction as to Plaintiff's Claims Does Not Satisfy Due Process. ..................................................................................................... 8

III.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ....................................................................................................... 9

     A.     Plaintiff Has Not Pleaded Any Facts Demonstrating Direct TCPA Liability. ............ 10

          1.    Plaintiff Pleads No Facts that Porch Actually Made the Calls At Issue. ........ 10

     B.     Plaintiff Has Not Pleaded Any Facts Demonstrating Vicarious TCPA Liability. ...... 11

          1.    Vicarious Liability Requires a Special Relationship and Control Over an Agent. ..................... 11

          2.    Plaintiff Has Pleaded No Facts Supporting Vicarious Liability Under the TCPA ..................... 13

     C.     Plaintiff Pleads No Facts Supporting His Allegations that the Calls At Issue Were Made With An Artificial or Pre-Recorded Voice or Using an ATDS. ..................................................................................................... 14

     D.     Plaintiff Has Pleaded No Facts Supporting His TCPA "Do Not Call" Claim. ....................................................................................................... 15

     E.     Plaintiff Fails to State a Claim Under the MTSA Against Porch. ........... 16

     F.     Plaintiff Fails to State a Claim Under the MCPA Against Porch. ........... 16

CONCLUSION ..................................................................................................... 18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Access Now, Inc. v. Otter Prods., LLC*,
    280 F. Supp. 3d 287 (D. Mass. 2017) ...................................................................5

*Access Now, Inc. v. Sportswear, Inc.*,
    298 F. Supp. 3d 296 (D.Mass. 2018) ................................................................8, 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................6

*Astro-Med, Inc. v. Nihon Kohden America, Inc.*,
    591 F.3d 1 (1st Cir. 2009) ......................................................................................9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................................6

*Bentley v. Bank of Am., N.A.*,
    773 F. Supp. 2d 1367 (S.D. Fla. 2011) ................................................................11

*Boit v. Gar-Tec Prods., Inc.*,
    967 F.2d 671 (1st Cir. 1992) ..................................................................................7

*Bristol-Myers Squibb v. Superior Ct. of Calif., San Francisco Cty.*,
    137 S. Ct. 1773 (2017) ........................................................................................5, 6

*Cardenas v. Spinnaker Resorts, Inc.*,
    2017 WL 3315285 (D.N.J. Aug. 3, 2017) .............................................................7

*Childress v. Liberty Mut. Ins. Co.*,
    2018 WL 4684209 (D.N.M. Sept. 28, 2018) .............................................10, 11, 13

*Copia Commc'ns, LLC v. AMResorts, L.P.*,
    812 F.3d 1 (1st Cir. 2016) ...................................................................................5, 6

*Cossart* v. *United Excel Corp.*,
    804 F.3d 13 (1st. Cir. 2015) ...................................................................................8

*Cunningham v. Kondaur Capital*,
    2014 WL 8335868 (M.D. Tenn. Nov. 19, 2014) ..................................................11

*Cunningham v. Prof'l Educ. Inst., Inc.*,
    2018 WL 6709515 (E.D. Tex. Nov. 5, 2018), *report and recommendation adopted*,
    2018 WL 6701277 (E.D. Tex. Dec. 20, 2018)......................................................16

*Curry v. Synchrony Bank, N.A.*,
    2015 WL 7015311 (S.D. Miss. Nov. 12, 2015) ....................................................15

*CXENSE Inc. v. Maroniene*,
    2017 WL 3131987 (D. Mass. Jan. 4, 2017) ...........................................................4

*Daimler AG v. Bauman*,
    571 U.S. 117, 134 S. Ct. 746 (2014) ...................................................................5, 6

*DaRosa, ex rel. DaRosa v. R & F Transp. Co., Inc.*,
    No. C.A. BRCV1999-01308, 2001 WL 1018615 (Mass. Super. Aug. 28, 2001) ....................3, 17

# TABLE OF AUTHORITIES
(continued)

Page

*Dobkin v. Enterprise Fin. Group, Inc.*,
2014 WL 4354070 (D.N.J. Sept. 3, 2014) ............................................................11

*Donaca v. Dish Network, LLC*,
303 F.R.D. 390 (D. Colo. 2014) .........................................................................10

*Duran v. Wells Fargo Bank, N.A.*,
878 F. Supp. 2d 1312 (S.D. Fla. 2012) ................................................................14

*Evans v. U.S.*,
2016 WL 5844473 (D. Mass. Sept. 30, 2016), *aff'd*, 876 F.3d 375 (1st Cir.
2017), *cert. denied*, 2018 WL 2136601 (U.S. Oct. 1, 2018).................................12

*Fine v. Sovereign Bank*,
634 F. Supp. 2d 126 (D. Mass. 2008) ..................................................................12

*Foster-Miller, Inc. v. Babcock & Wilcox Canada*,
46 F.3d 138 (1st Cir. 1995)...................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011).............................................................................................5

*Gorbey ex rel. Maddox v. Am. J. of Obstetrics & Gynecology*,
849 F. Supp. 2d 162 (D. Mass. 2012) ..................................................................18

*Grant v. Target Corp.*,
126 F. Supp. 3d 183 (D. Mass. 2015) ..................................................................6

*Grice v. VIM Holdings Grp.*,
LLC, 280 F. Supp. 3d 258 (D. Mass. 2017) ..................................................4, 7, 9

*Gulden v. Consol. World Travel Inc.*,
2017 WL 3841491 (D. Ariz. Feb. 15, 2017).........................................................11

*Gulf Oil Lmtd. P'ship v. Petroleum Mktg. Grp.*,
308 F. Supp. 3d 453 (D. Mass. 2018) ..................................................................5

*Gustavsen v. Alcon Labs., Inc.*,
272 F. Supp. 3d 241 (D. Mass. 2017), *aff'd*, 903 F.3d 1 (1st Cir. 2018).................3

*Harlow v. Children's Hosp.*,
432 F.3d 50 (1st Cir. 2005)...................................................................................9

*Hodgin v. UTC Fire & Sec. Americas Corp.*,
885 F.3d 243 (4th Cir. 2018) ...............................................................................12

*In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.*,
76 F. Supp. 3d 279 (D. Mass. 2015) ....................................................................18

*In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*,
223 F. Supp. 3d 514 (N.D.W.Va. 2016).........................................................12, 13

*In re Truong*,
327 F. App'x 260 (2d Cir. 2009) ..........................................................................2

## TABLE OF AUTHORITIES
(continued)

**Page**

*Jones v. Experian Info. Sols., Inc.*,
141 F. Supp. 3d 159 (D. Mass. 2015) ..............................................................................17, 18

*Jones v. FMA Alliance Ltd.*,
978 F. Supp. 2d 84 (D. Mass. 2013) ......................................................................................17

*Jones v. NCO Fin. Servs.*,
2014 WL 6390633 (D. Mass. Nov. 14, 2014) ........................................................................17

*Jones v. Royal Admin. Svcs., Inc.*,
887 F.3d 443 (9th Cir. 2018) ..................................................................................................12

*Jung v. Bank of Am.*,
2016 WL 5929273 (M.D. Pa. Aug. 2, 2016) ..........................................................................16

*Keating v. Peterson's Nelnet, LLC*,
615 F. App'x 365 (6th Cir. 2015) ...........................................................................................12

*Kruskall v. Sallie Mae Serv., Inc.*,
2016 WL 1056973 (D. Mass. Mar. 14, 2016) ............................................................10, 11, 15

*Lemelson v. U.S. Bank, N.A.*,
721 F.3d 18 (1st Cir. 2013) .......................................................................................................7

*Linlor v. Five9, Inc.*,
2017 WL 5885671 (S.D. Cal. Nov. 29, 2017) ........................................................................13

*Martin v. Direct Wines, Inc.*,
2015 WL 4148704 (N.D. Ill. July 9, 2015) ............................................................................15

*Mason v. Bank of Am., Nat. Ass'n*,
2013 WL 1313773 (E.D. Tex. Feb. 25, 2013) ........................................................................10

*McCabe v. Caribbean Cruise Line, Inc.*,
2014 WL 3014874 (E.D.N.Y. July 3, 2014) ...........................................................................11

*McDermet v. John C. Heath, Attorney at Law, PLLC*,
2018 WL 627371 (D. Mass. Jan. 30, 2018) .............................................................................2

*Medici v. Lifespan Corp.*,
239 F. Supp. 3d 355, 369 (D. Mass. 2017) ..............................................................................6

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) ........................................................................13

*Melito v. Am. Eagle Outfitters, Inc.*,
2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015) ........................................................................12

*Miller v. Cain*,
2015 WL 222434 (W.D. La. Jan. 14, 2015) ............................................................................13

*Murphy v. Erwin-Wasey, Inc.*,
460 F.2d 661 (1st Cir. 1972) .....................................................................................................8

*Naiman v. TranzVia LLC*,
2017 WL 5992123 (N.D. Cal. Dec. 4, 2017) ..........................................................................13

# TABLE OF AUTHORITIES
(continued)

**Page**

*Noonan v. Winston Co.*,
 135 F.3d 85 (1st Cir. 1998) ........................................................................................8

*Panacci v. A1 Solar Power, Inc.*,
 2015 WL 3750112 (N.D. Cal. June 15, 2015) .........................................................13

*Periyaswamy v. Karuppasamy*,
 2014 WL 3873031 (D. Mass. July 30, 2014) .............................................................7

*Phillips v. Prairie Eye Ctr.*,
 530 F.3d 22 (1st Cir. 2008) ........................................................................................9

*Reo v. Caribbean Cruise Line, Inc.*,
 2016 WL 1109042 (N.D. Ohio Mar. 18, 2016) .......................................................15

*Roy v. FedEx Ground Package Sys., Inc.*,
 2018 WL 2324092 (D. Mass. May 22, 2018) ...............................................5, 6, 8, 9

*Saragusa v. Countrywide*,
 2016 WL 1059004 (E.D. La. Mar. 17, 2016), *aff'd* 707 F. App'x 797 (5th Cir. 2017)...........15

*SCVNGR, Inc. v. Punchh, Inc.*,
 478 Mass. 324 (2017) .................................................................................................5

*Sepulveda-Villarini v. Dep't of Educ. of P.R.*,
 628 F.3d 25 (1st Cir. 2010) ........................................................................................6

*Slocum v. Alexander Schleicher, GmbH & Co. Segelflugzeugbau*,
 2012 WL 893420 (D.N.H. Mar. 15, 2012) ..............................................................10

*Smith v. NCO Fin. Sys., Inc.*,
 2015 WL 2185252 (E.D. Cal. May 8, 2015) ..............................................................5

*Swenson v. Yellow Transp., Inc.*,
 317 F. Supp. 2d 51 (D. Mass. 2004) ........................................................................18

*Ticketmaster-New York v. Alioto*,
 26 F.3d 201 (1st Cir. 1994) ........................................................................................4

*Trumper v. GE Capital Retail Bank*,
 2014 WL 7652994 (D.N.J. July 7, 2014)..................................................................16

*U.S. v. Toth*,
 2017 WL 1703936 (D. Mass. May 2, 2017) ..............................................................7

*United States ex rel. Karvelas v. Melrose–Wakefield Hosp.*,
 360 F.3d 220 (1st Cir. 2004), *abrogated on other grounds by United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40 (1st Cir. 2009) *and Acevedo–Villalobos v. Hernandez*, 22 F.3d 384 (1st Cir. 1994) ...........................................19

*Vessal v. Alarm.com*,
 2017 WL 4682736 (N.D. Ill. Oct. 18, 2017).............................................................11

*Vysedskiy v. OnShift, Inc.*,
 2017 WL 4391725 (D. Mass. Sept. 29, 2017) .........................................................6, 9

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Wallack v. Mercantile Adjustments Bureau, Inc.*,
  2014 WL 1515852 (E.D. Mich. Apr. 18, 2014)....................................................................12

*Ward v. Auerbach*,
  2017 WL 2724938 (D. Mass. June 23, 2017) ...................................................................5, 7

*Williams v. Essex Ten LLC*,
  2014 WL 1057008 (D. Mass. Mar. 13, 2014).......................................................................10

## STATUTES

47 U.S.C. § 227, *et seq.*........................................................................................... passim

M.G.L. c. 93A, § 2................................................................................................................1, 18

M.G.L. c. 159C, *et seq.* .......................................................................................................1, 17

M.G.L. c. 223A, § 3 ...............................................................................................................5, 8

## OTHER AUTHORITIES

47 C.F.R. § 64.1200, *et seq.*...................................................................................... passim

14 Mass. Prac., Summary of Basic Law § 1:2 (5th ed., Westlaw).......................................18

FTC Website, *available at* https://www.consumer.ftc.gov/blog/2016/09/how-did-
  company-get-my-info (last accessed March 14, 2019).............................................................4

Restat. (3d) of Agency § 1.01 ...........................................................................................14, 15

## RULES

Fed. R. Civ. P. 12(b)(2)................................................................................................ passim

Fed. R. Civ. P. 12(b)(6)................................................................................................ passim

## INTRODUCTION

Plaintiff's threadbare Complaint (*see* Dkt. 4, "Complaint" or "Compl.") does little more than allege, in conclusory fashion and without any supporting facts, that Defendant Porch.com, Inc. ("Porch") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), Massachusetts's Telemarketing Solicitation statute, M.G.L. c. 159C (the "MTSA"), and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 2 (the "MCPA" or "Chapter 93A"). Plaintiff bases these claims solely on his alleged receipt of calls to his mobile and residential phones made by some *unknown* person or entity purportedly using an "automatic telephone dialing system" ("ATDS") and/or a "mechanical or recorded voice." But he readily admits that he does not know who actually called him and merely speculates that Porch may be the caller. Such bald allegations are fatally flawed and ripe for dismissal. As shown below, Plaintiff's Complaint should be dismissed for the following reasons:

*First*, Plaintiff does not establish personal jurisdiction over Porch, which is indisputably a non-resident company. In this regard, Plaintiff makes no allegations regarding Porch's contacts with Massachusetts, because there are **none** to be made. In fact, Plaintiff does not allege that Porch initiated the calls in Massachusetts, that Porch does any business in Massachusetts, or any other connections. Thus, the Court should dismiss the Complaint under Fed. R. Civ. P. Rule 12(b)(2).

*Second*, Plaintiff fails to allege a claim under the TCPA, MTSA or MCPA. To begin, Plaintiff readily concedes (as he must) that **Porch did not call him**, but instead proffers that Porch is vicariously liable under the TCPA for such calls. But Plaintiff fails to plead any facts demonstrating an agency relationship between Porch and any third party, let alone specific facts supporting the elements of his TCPA claim. Rather, Plaintiff merely regurgitates the elements of his cause of action and provides little to no detail about the alleged calls, much less specific facts suggesting the calls were initiated by or on behalf of Porch. Further, the Complaint is devoid of facts supporting his conclusions that the calls were

initiated using an ATDS or were made by anyone other than live callers.[1]  Thus, Plaintiff's TCPA claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

   ***Third***, Plaintiff's MTSA and MCPA claims fail on their face.  Plaintiff's MTSA claims are based on the same allegations as his TCPA claims and thus fail to allege that any of the calls were made by or on behalf of Porch.  Also, the law is well-settled that a barebones violation of a strict liability statute like the TCPA is not a violation of the MCPA absent extreme and outrageous conduct, which Plaintiff has clearly not alleged here.  And since Plaintiff's TCPA and MTSA claims fail, so too must the MCPA claim upon which it is predicated.  Thus, Plaintiff's Complaint should be dismissed in its entirety under Rule 12(b)(6).

## <u>RELEVANT ALLEGATIONS</u>

   Plaintiff's conclusory Complaint is riddled with contradictions and concessions and falls far short of satisfying federal pleading standards.  At best, Plaintiff, who is an attorney with an extensive TCPA litigation history in this and other courts,[2] alleges the following:

   Plaintiff admits that Defendant is not a Massachusetts corporation, but rather a Delaware corporation with its principal office in Washington state.  Compl. ¶ 4.  Nonetheless, he alleges that the Court has jurisdiction "because [both] defendants have had sufficient contact with Massachusetts in

---

[1] Plaintiff's claim under 47 U.S.C. § 227(e)(1) of the TCPA, which is known as the Truth in Caller ID Act ("TCIA"),  fails because the TCIA contains no private right of action.  Plaintiff is well aware of this.  *McDermet v. John C. Heath, Attorney at Law, PLLC*, 2018 WL 627371, at *3 (D. Mass. Jan. 30, 2018) (dismissing McDermet's TCIA claim because it does not provide a private right of action).   This Court should dismiss that claim too.

[2] Though appearing *pro se,* Plaintiff is an experienced licensed attorney, who has filed numerous single-plaintiff TCPA complaints in this district.  *See e.g., McDermet v. Trinity Heating and Air, Inc.*, No. 1:17-cv-10566 (filed April 3, 2017); *McDermet v. John C. Heath Attorney PLC*, No. 1:17-cv-12327 (filed Nov. 27, 2017); *McDermet v. Liberty Power Corp., LLC et al.*, No. 1:18-cv-10043 (filed Jan. 9, 2018).  Similarly, Plaintiff has filed numerous lawsuits in the Commonwealth of Massachusetts.  *See e.g., McDermet v. Vehicle Protection Dept. LLC*, 1877CV00221 (filed Feb. 13, 2018); *McDermet v. Discount Power*, 1877CV00220 (filed February 13, 2018); *McDermet v. Intercontinental Capital Group Inc., et al*, 1777CV01865 (filed Dec. 13, 2017); *McDermet v. Simpson Fin. Grp.*, 1777CV00162 (filed Feb. 6, 2017); *McDermet v. SolarCity Corp.*, 1677CV01409 (filed Sept. 15, 2016).  Porch will provide copies of the foregoing upon request.  *See also Dale v. Bank of Am., N.A.*, 2016 WL 4245493, at *2 (D. Kan. Aug. 11, 2016) (for Rule 12(b)(6) purposes, "the Court may take judicial notice of court files and records—whether federal or state—as well as facts which are a matter of public record") (citations omitted).

connection with the causes of action alleged."[3]  *Id.* at ¶ 5.  Plaintiff does not allege any facts suggesting that Porch has any connection to the Commonwealth.

Plaintiff further contends that, "[o]n 135 occasions, [both] Defendants, <u>or</u> their agents" "telephoned Plaintiff on his cellular phone … <u>or</u> on his residential landline."  *Id.* ¶ 9 (emphasis added). Rather than provide any details about these purported calls or indicate who made which calls to which of his phones, Plaintiff simply includes a chart listing the date, time, and the number calling without any context or other critical details.  *Id.*  Plaintiff then alleges that, on nineteen of the calls, he was asked if he "needed home improvement services."  *Id.* ¶ 10.  And although Plaintiff suggests that these same "[n]ineteen . . . calls began with a mechanical or recorded voice" he also states that "on *most* of the above occasions . . . [he] spoke with a live person[.]"  *Id.* ¶ 14 (emphasis added).  Plaintiff likewise alleges that both Porch and CT somehow violated the TCPA by placing calls **to his cellular phone only** (and no longer his residential phone) "on 135 occasions" by "using an automatic telephone dialing system . . . [a]s evidenced by Defendant's [*sic*] ignorance of who they were calling."  *Id.* ¶ 25.[4]

Importantly, **<u>Plaintiff readily concedes that Porch did not call him and that he has no idea who did</u>**.  In fact, Plaintiff alleges that he asked Porch to "provide him with the name of any lead generators *who had initiated* any of these calls" and that the callers gave him "several *different* company names" on whose behalf they were purportedly calling, none of which were Porch or CT.  *Id.* ¶¶ 11, 19 (emphasis added).  He further alleges that "[n]one of the callers ever provided the name of their organization, or its location" and that some of the live callers with whom he allegedly spoke "indicated that Porch.com or CT Install America were [merely] the *lead generators*" as opposed to the party initiating or responsible for the calls.  *Id.* ¶¶ 12-13 (emphasis added).[5]

---

[3] Plaintiff dismissed Defendant CT Install America, LLC ("CT"), one week after serving CT.  Dkt. 11.

[4] Perhaps the most glaring inconsistency is where Plaintiff alleges that he received a total of 135 calls, Compl. ¶ 9, with all 135 of those calls made to his cellular phone, *Id.* ¶ 25, and another seven calls made to his residential telephone number.  *Id.* ¶ 24.  These numbers do not add up.

[5]  The TCPA does not define "lead generators" or "lead generation" (neither does Plaintiff) but those terms are generally understood to relate to data collection and not the initiation of telephone calls.  *See, e.g.,* FTC Website, available at

The foregoing represents the sum total of Plaintiff's "factual" allegations. What remains is a laundry list of disjointed, formulaic and oft-inconsistent allegations that merely parrot the elements of his purported causes of action but lack any supporting facts. *See*, *e.g.*, *id.* ¶¶ 9, 10, 17, 23-26, and 29-33. Plaintiff does <u>not</u> allege, *inter alia*, (i) any contextual details for any calls he allegedly received, much less indicate which calls were made by which "Defendant" (CT or Porch) to which phone (cellular or residential) or involved "mechanical or recorded voice" as opposed to live callers; (ii) any bases for concluding that any of the alleged calls were "mechanical or recorded" and/or were initiated using an ATDS; (iii) any bases for believing that any of the alleged calls were initiated by or on behalf of Porch as opposed to CT or other third parties; (iv) any bases for concluding that the calls were made to sell Porch's goods or services or that any of Porch's goods and services were actually offered on the calls, let alone what kind of goods or services Porch even offers in the first place; or (v) that any live agent with whom Plaintiff spoke, if any, ever identified themselves as a Porch employee or indicated the calls were made on Porch's behalf.

## ARGUMENT

## I.    APPLICABLE LEGAL STANDARDS

### A.    Federal Rule 12(b)(2) – Lack of Personal Jurisdiction

It is axiomatic that "[c]onclusory allegations or farfetched inferences in the pleading will not be sufficient to make a prima facie showing of personal jurisdiction." *Grice v. VIM Holdings Grp.*, LLC, 280 F. Supp. 3d 258, 269 (D. Mass. 2017) (citing *Ticketmaster-New York v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)).[6]   To avoid dismissal, Plaintiff bears the burden of proving that the Court may exercise personal jurisdiction over Defendant. *See Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138,

---

https://www.consumer.ftc.gov/blog/2016/09/how-did-company-get-my-info (last accessed March 14, 2019) (defining "lead generators" accordingly). *See also Gustavsen v. Alcon Labs., Inc.*, 272 F. Supp. 3d 241, 252 (D. Mass. 2017), *aff'd*, 903 F.3d 1 (1st Cir. 2018) (recognizing that courts may take judicial notice of the contents of government websites for the purpose of ruling on a Rule 12(b)(6) motion).

[6] *Accord Ward v. Auerbach*, 2017 WL 2724938, at *11 (D. Mass. June 23, 2017); *CXENSE Inc. v. Maroniene*, 2017 WL 3131987, at *6 (D. Mass. Jan. 4, 2017).

145 (1st Cir. 1995); Fed. R. Civ. P. 12(b)(2).

In a federal question case such as this one, personal jurisdiction is proper if the defendant is either (a) subject to jurisdiction in the forum or (b) if the statute providing the basis of federal subject matter jurisdiction provides for nationwide service. *Roy v. FedEx Ground Package Sys., Inc.*, 2018 WL 2324092, at *3 (D. Mass. May 22, 2018). Since the TCPA does not provide for nationwide service, the Court must look to the Massachusetts Long-Arm Statute. *Id.* at *3-4 (citation omitted).

The Massachusetts Long-Arm Statute, M.G.L. c. 223A, § 3 (the "Long-Arm Statute") is not co-extensive with, and in fact exceeds, constitutional requirements. *See Roy*, 2018 WL 2324092, at *4 (citing *SCVNGR, Inc. v. Punchh, Inc.*, 478 Mass. 324 (2017)). *Accord Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016). Thus, determining personal jurisdiction is a two-pronged inquiry, requiring Plaintiff to show (1) the Long-Arm Statute grants jurisdiction, and (2) if it does, the exercise of personal jurisdiction is consistent with the Constitution (*i.e.*, it satisfies due process). *Roy*, 2018 WL 2324092, at *4 (citing *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 291 (D. Mass. 2017)). If the Long-Arm Statute does not apply, the Court's jurisdictional inquiry ends. *Id.* If it does, Plaintiff must also show that the exercise of personal jurisdiction over Defendant is consistent with due process by demonstrating either general or specific jurisdiction. *Bristol-Myers Squibb v. Superior Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017).

The "paradigm" for general jurisdiction is "the individual's domicile"—which, for a corporation, means where it is "fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Generally, a corporation is viewed as being "at home" <u>only in two places</u>: "the place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 n.19, 134 S. Ct. 746 (2014).[7] *Accord Roy*, 2018 WL 2324092, at *6 (citing *Daimler*, 134 S. Ct. at 760);

---

[7] A corporation may also be subject to general jurisdiction if its presence in a state is pervasive such that it is "essentially at home" in the state, *Medici v. Lifespan Corp.*, 239 F. Supp. 3d 355, 369 (D. Mass. 2017), but that has not been nor could be alleged here.

*Gulf Oil Lmtd. P'ship v. Petroleum Mktg. Grp.*, 308 F. Supp. 3d 453, 458-59 (D. Mass. 2018). In contrast, specific jurisdiction requires, in part, that "'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Daimler*, 571 U.S. at 127) (emphasis in original). *See also Vysedskiy v. OnShift, Inc.,* 2017 WL 4391725, at *3 (D. Mass. Sept. 29, 2017) ("Specific jurisdiction … depends on the connection between the defendant, the forum, and the underlying controversy.").[8] "When there is no such connection [however], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781.

### B.      Federal Rule 12(b)(6) – Failure to State a Claim

Fed. R. Civ. P. 12(b)(6) provides for dismissal where Plaintiff has failed to state a claim upon which relief can be granted. A legal claim mandates the pleading of sufficient facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegations" will not suffice. *Id.* A "formulaic recitation of the elements" of a claim likewise fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Instead, the complaint "must state a plausible, not a merely conceivable, case for relief." *Sepulveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010). Thus "[d]ismissal for failure to state a claim is appropriate 'if the complaint does not set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Grant v. Target Corp.*, 126 F. Supp. 3d 183, 188 (D. Mass. 2015) (quoting *Lemelson v. U.S. Bank, N.A.*, 721 F.3d 18, 21 (1st Cir. 2013)); *see also U.S. v. Toth*, 2017 WL 1703936, at *3 (D. Mass. May 2, 2017).

### II.      THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(2) FOR

---

[8] A federal court may exercise specific jurisdiction only if three conditions are met: "First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must be reasonable." *Vysedskiy*, 2017 WL 4391725, at *3 (quoting *Copia*, 812 F.3d at 4. While the Motion addresses only the first prong, Porch does not concede that Plaintiff has met, or can meet, all three prongs.

## LACK OF PERSONAL JURISDICTION.

### A.    Plaintiff's Jurisdictional Allegations Are Facially Deficient.

As a threshold matter, Plaintiff's conclusory jurisdictional allegations shed little light on whether they assert general personal jurisdiction, specific personal jurisdiction or both; and thus, they are facially defective.  The sum total of Plaintiff's allegations are that: (i) "the defendants have had sufficient contact with Massachusetts in connection with the causes of action alleged in this [] Complaint"; (ii) "Defendant CT Install maintains an office within the Commonwealth"; and (iii) "[t]he Plaintiff has been a Massachusetts resident at all times during the events enumerated in this Complaint." Compl. ¶¶ 5-6. Plaintiff does not make a single allegation about Porch's connection to the state, much less support any jurisdictional allegations with facts.

Allegations without supporting facts are insufficient to confer personal jurisdiction and warrant dismissal under Rule 12(b)(2).  *See, e.g.*, *Ward,* 2017 WL 2724938, at *11; *Grice*, 280 F. Supp. 3d at 270.  *See also Periyaswamy v. Karuppasamy*, 2014 WL 3873031, at *3 (D. Mass. July 30, 2014) (for personal jurisdiction, "the Court does not credit conclusory allegations or farfetched inferences"); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992) ("[P]laintiffs may not rely on unsupported allegations in their pleadings to make a prima facie showing of personal jurisdiction."); *Cardenas v. Spinnaker Resorts, Inc.*, 2017 WL 3315285, at *6 (D.N.J. Aug. 3, 2017) (no personal jurisdiction for TCPA claims where plaintiff failed to show that defendant or alleged agent made phone calls at issue).

### B.    The Massachusetts Long-Arm Statute Does Not Apply to Plaintiff's Claims.

Further, it is readily apparent that this Court lacks personal jurisdiction over a non-resident defendant, like Porch, where the defendant has not had any contact with the state in connection with Plaintiff's claims.

Plaintiff must first show that the Long-Arm Statute grants jurisdiction over Defendant.  *See Roy*, 2018 WL 2324092, at *4.  In pertinent part, the Long-Arm Statute provides that a Massachusetts court may exercise personal jurisdiction over a defendant as to a cause of action arising from, among others,

the defendant's "(a) transacting any business in this commonwealth; (b) contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth; (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth." M.G.L. c. 223A, § 3.  Plaintiff cannot satisfy any of these.

Section 3(a), "transacting business," "is designed to identify deliberate, as distinguished from fortuitous, contacts with the forum by the nonresident party" and, as such, "the facts must satisfy two requirements—the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business [in Massachusetts] by the defendant." *Roy*, 2018 WL 2324092, at *5 (citations omitted, emphasis added).  Thus, "the transacted business" must be the "but for cause of the harm alleged in the claim." *Access Now, Inc. v. Sportswear, Inc.*, 298 F. Supp. 3d 296, 301 (D. Mass. 2018) (citing *Cossart* v. *United Excel Corp.*, 804 F.3d 13, 18 (1st. Cir. 2015).  "Section 3(c) is intended to apply only when the act [or omission] causing the [tortious] injury occurs within the Commonwealth." *Roy*, 2018 WL 2324092 at *6 (citing *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 664 (1st Cir. 1972)).  Finally, "[t]he threshold showing for a cause of action brought under [S]ection 3(d) is that the plaintiff's in-state [Massachusetts] harm be caused by the defendant's out-of-state act." *Id.* (citing *Noonan v. Winston Co.*, 135 F.3d 85, 92 (1st Cir. 1998)).  Plaintiff's claims against Porch fail on all three fronts.

Here, Plaintiff does not allege *any* conduct by Porch in Massachusetts.  The Complaint does not allege, for example, that the calls originated in the forum state (in addition to its failure to allege the threshold fact that Porch actually placed the calls).  Consequently, the Long-Arm Statute does not apply and the Court lacks personal jurisdiction.

### C.    Personal Jurisdiction as to Plaintiff's Claims Does Not Satisfy Due Process.

Since the Long-Arm Statute does not provide jurisdiction, the Court can dismiss Plaintiff's claims and need not even consider due process.  *See Roy*, 2018 WL 2324092, at *4.  Nonetheless, it is

evident that due process cannot be satisfied.  Plaintiff cannot assert general jurisdiction over Porch, as it was formed and maintains principal offices in states other than the Commonwealth so it is <u>not</u> "at home" in the forum state.  *See* Compl. ¶¶ 4.  Thus, Porch is not subject to general jurisdiction here.  *See, e.g.*, *Grice*, 280 F. Supp. 3d at 270-71; *Roy*, 2018 WL 2324092, at *6 (same).

Nor has Plaintiff alleged specific jurisdiction.  It is axiomatic that "'there must be more than just an attenuated connection between the contacts and the claim; the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case.'" *Vysedskiy*, 2017 WL 4391725, at *3 (quoting *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir. 2008)).  Thus, showing "'whether the claim underlying the litigation directly arises out of or relates to, the defendant's forum-state activities'" means "[t]he relationship between the claim and the forum-state conduct cannot be remote." *Access Now*, 298 F. Supp. 3d at 302 (quoting *Astro-Med, Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1, 10 (1st Cir. 2009) and citing *Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005)).  As explained above, the Complaint fails to allege any connection between Porch and Massachusetts—let alone between Porch's purported conduct in Massachusetts and Plaintiff's claims.  Thus, not only does the Long-Arm Statute not confer jurisdiction, but it is clear that due process cannot be satisfied because there is no general or specific jurisdiction as to his claims.[9]  Consequently, Plaintiff's Complaint should be dismissed under Rule 12(b)(2).

## III.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Even if Porch were subject to personal jurisdiction (and it is not), Plaintiff's TCPA claim still fails under Rule 12(b)(6), as it is devoid of facts supporting the elements of a TCPA claim and, instead, relies exclusively on threadbare legal conclusions.  Therefore, the Complaint should be dismissed for this reason as well.

---

[9] Without relatedness, the Court need not consider purposeful availment or reasonableness.  *See, e.g.*, *Slocum v. Alexander Schleicher, GmbH & Co. Segelflugzeugbau*, 2012 WL 893420, at *4 (D.N.H. Mar. 15, 2012).  *See also Williams v. Essex Ten LLC*, 2014 WL 1057008, at *7 (D. Mass. Mar. 13, 2014).

### A.   Plaintiff Has Not Pleaded Any Facts Demonstrating Direct TCPA Liability.

Plaintiff primarily alleges that Porch violated one provision of the TCPA.[10]  *See*  Compl. ¶¶ 25.

The provision at issue prohibits "mak[ing] any call" to a cellular phone using an ATDS or an artificial or

prerecorded voice without "prior express consent."  47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. §

64.1200(a)(1) & (2).  To avoid dismissal under the provision invoked, Plaintiff must plausibly allege that

Porch called him.  *Kruskall v. Sallie Mae Serv., Inc.*, 2016 WL 1056973, at *3 (D. Mass. Mar. 4, 2016).

Here, Plaintiff's Complaint fails to allege basic facts supporting any of the elements of a TCPA claim:

#### 1.   *Plaintiff Pleads No Facts that Porch Actually Made the Calls At Issue.*

To begin, only the person who **physically** places a call "makes" (or "initiates") a call within the

meaning of the TCPA can be subject to direct  liability.  *See, e.g., Donaca v. Dish Network, LLC*, 303

F.R.D. 390, 394-96 (D. Colo. 2014); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M.

Sept. 28, 2018); *Vessal v. Alarm.com*, 2017 WL 4682736, at *2 (N.D. Ill. Oct. 18, 2017).  In this regard,

**Plaintiff admits that Porch did <u>not</u> "initiate" the calls**.  *See* discussion at pp. 2-4, *supra*.  Further,

Plaintiff pleads no facts connecting any of the calls that Plaintiff allegedly received to Porch beyond

unsupported conclusions.  Indeed, he provides <u>no detail</u> about the calls, the identity of the callers, the

substance of the calls, or how the calls were initiated and by whom.  He does not allege, for example,

that any of the callers identified themselves as Porch employees (because they did not).  Thus, it cannot

be remotely inferred that Porch <u>physically placed</u> any of the alleged calls.  *Id.*

Moreover, Plaintiff alleges that Porch *acted through its* "agents" (Compl. ¶ 9), which suggests

that a variety of other <u>unidentified third parties</u> physically placed the calls at issue.  Plaintiff likewise

lumps both CT and Porch together throughout his Complaint, failing to specify *which* Defendant or *which*

---

[10] As a separate but equally important threshold matter, Plaintiff purports to bring one federal count and one state count of violations against Porch but cites a variety of conflicting provisions in the process.  In fact, Plaintiff fails to specify the sections of the statute that he attempts to invoke and, thus, the Court should dismiss his claims for this failure alone.  *See, e.g., Mason v. Bank of Am., Nat. Ass'n*, 2013 WL 1313773, at *8 (E.D. Tex. Feb. 25, 2013) (holding that failure to specify the specific provisions violated "alone likely warrants dismissal for failure to state a claim as it does not go beyond the mere labels and conclusions required under Rule 12(b)(6)") (citation omitted).

Defendant's agents allegedly called him. This is insufficient on its face to state a claim against Porch. *See, e.g.*, *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011) (dismissing TCPA claim where "nowhere in the Complaint does Plaintiff identify which Defendant made each call, but instead he simply lumps the Defendants together despite that they are separate and distinct legal entities"); *McCabe v. Caribbean Cruise Line, Inc.*, 2014 WL 3014874, at *2 (E.D.N.Y. July 3, 2014).

Because the Complaint does not allege facts that Porch physically placed any of the calls at issue, and even outright concedes that Porch did not initiate any of the calls, Plaintiff's TCPA claim should be dismissed. *See, e.g.*, *Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing where plaintiff "offer[ed] no factual support" for concluding the "[d]efendant was the source of the alleged calls," and ruling that "[b]ecause identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims."); *Childress*, 2018 WL 4684209, at *3 (finding no direct TCPA liability where "there [were] no factual allegations that [d]efendant actually made the [prerecorded] telephone call at issue"); *Kruskall*, 2016 WL 1056973, at *3 (dismissing where "[Plaintiff] fails to create a reasonable inference that the calls were made by the defendant . . . and where [Plaintiff] does not specifically allege who made the calls.").[11]

### B. Plaintiff Has Not Pleaded Any Facts Demonstrating Vicarious TCPA Liability.

As noted above, Plaintiff's Complaint is unclear on who, if anyone, allegedly called Plaintiff—*i.e.*, Porch, Porch's "agents," former Defendant CT, or some other unidentified third parties. Thus, it is unclear whether Plaintiff contends that Porch is directly or vicariously liable under the TCPA, or both. To the extent Plaintiff is alleging that Porch is vicariously liable under the TCPA for calls made by "agents," his claim fails on that basis for several reasons.

1. *Vicarious Liability Requires a Special Relationship and Control Over an Agent.*

---

[11] *See e.g.*, *Wallack v. Mercantile Adjustments Bureau, Inc.*, 2014 WL 1515852, at *3 (E.D. Mich. Apr. 18, 2014); *Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *4-5 (S.D.N.Y. Nov. 30, 2015); *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371 (6th Cir. 2015); *Cunningham v. Kondaur Capital*, 2014 WL 8335868, at *5 (M.D. Tenn. Nov. 19, 2014); *Dobkin v. Enterprise Fin. Group, Inc.*, 2014 WL 4354070, at *3 (D.N.J. Sept. 3, 2014).

Vicarious liability requires a special relationship between a principal and an agent. *See* Restat. (3d) of Agency § 1.01, cmt. c ("[T]he concept of agency posits a **consensual relationship** in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person.") (emphasis added); *see also Evans v. U.S.*, 2016 WL 5844473, at *6 (D. Mass. Sept. 30, 2016), *aff'd*, 876 F.3d 375 (1st Cir. 2017), *cert. denied*, 2018 WL 2136601 (U.S. Oct. 1, 2018) (applying Restat. § 1.01 to determine agency). More specifically, "[a]gency is the **fiduciary relationship** that arises when one person (a 'principal') **manifests assent** to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the **principal's control**, and the agent manifests assent or otherwise consents so to act." *Fine v. Sovereign Bank*, 634 F. Supp. 2d 126, 137 (D. Mass. 2008) (quoting Restatement § 1.01) (emphasis added). This means "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). "Though 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018).

Further, in the TCPA context, courts have widely recognized that vicarious liability cannot attach without the **"essential ingredient" of control**. *See, e.g., Jones v. Royal Admin. Svcs., Inc.,* 887 F.3d 443, 450 (9th Cir. 2018); *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 223 F. Supp. 3d 514, 520 (N.D.W.Va. 2016), *aff'd sub nom. Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243 (4th Cir. 2018) (citation omitted). Indeed, not only do courts routinely dismiss vicarious liability claims at the pleading stage, but they hold that failure to allege sufficient facts establishing an agency relationship with or control over an agent is **fatal** to such claims. *See, e.g., Childress*, 2018 WL 4684209, at *3 (plaintiff "cannot simply allege general control in a vacuum"); *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6-7 (N.D. Cal. Dec. 4, 2017); *Reo*, 2016 WL 1109042, at *5; *Panacci v. A1 Solar Power,*

*Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where plaintiff did not allege defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the caller and pleaded "virtually no allegations regarding the relationship" between defendant and the caller). Such is true in the present case.

### 2. *Plaintiff Has Pleaded No Facts Supporting Vicarious Liability Under the TCPA*

In this case, Plaintiff does not—and indeed cannot—allege the essential ingredient of control and has failed to plead any facts supporting a claim for vicarious liability under the TCPA. As noted above, the Complaint includes only vague references to unnamed "agents" of Porch and CT. But Plaintiff has pleaded no facts that suggest Porch had any "control" upon which he could place a plausible TCPA vicarious liability claim. *See*, *e.g.*, *Jones*, 887 F.3d at 450 (analyzing factors in holding that seller was not vicariously liable for telemarketer's alleged TCPA violations); *see also Monitronics*, 223 F. Supp. 3d at 520.

Plaintiff also does not allege that any of the "live person[s]" to whom he spoke identified Porch as their employer or indicated the calls had been made with Porch's knowledge and authorization, or that Porch ratified their actions. To the contrary, Plaintiff alleges that callers told him they were calling on behalf of "several *different* compan[ies]" and not Porch. Compl. ¶ 11 (emphasis added). In fact, **none of Plaintiff's allegations show Porch knew that any calls were being made by any third party "agent," let alone that Porch had any authority or control over those entities for any calls alleged.**

At most, Plaintiff alleges that Porch was a "lead generator" or data broker. Compl. ¶ 13. Assuming that is true for purposes of this motion, that suggests that not only did Porch not directly initiate the calls, but calls were not made on its behalf. Even under a basic understanding of lead generation, a "lead generator" merely sells data, which can, in turn, be resold to multiple parties who resell it to multiple parties and down the line. The multiple parties to whom the data is sold are the parties that initiate calls and when they do so, they are calling to sell their own third party products or services. If a lead generator

could be held liable for calls made by third parties to whom the leads are sold and who advertise their own products or services, this would lead to an absurdity. This would mean that any data broker or "lead generator" that sells data could potentially be held liable for ruinous damages under the TCPA for thousands, if not millions, of calls initiated by various third party callers when they did not make any calls and calls were not initiated on their behalf. This would make every lead generation sale a bet-the-company event and would turn lead generation on its head. Simply put, the TCPA does not apply to lead generators. This is not—and cannot be—the law.

Thus, to the extent Plaintiff seeks to hold Porch vicariously liable under the TCPA, his Complaint falls woefully short of satisfying basic pleading requirements.

### C. Plaintiff Pleads No Facts Supporting His Allegations that the Calls At Issue Were Made With An Artificial or Pre-Recorded Voice or Using an ATDS.

Plaintiff's Complaint also lacks facts supporting his allegation that the calls were made using an artificial or pre-recorded voice or an ATDS. Plaintiff's alleges that "[n]ineteen of these calls began with a mechanical or recorded voice." Compl. ¶ 10. At the same time, Plaintiff also alleges that he spoke with a "live person" on many (if not all) of the calls, **which suggests that they were <u>live</u> calls and thus were <u>not</u> pre-recorded or made with an ATDS**. *Id.* ¶ 14. These inconsistencies alone warrant dismissal. *See, e.g.*, *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) ("On the four occasions Defendant made phone calls to Plaintiff, Plaintiff alleges that he *spoke* with Defendant's representatives, which negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice.") (emphasis in original); *Martin v. Direct Wines, Inc.*, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) ("[T]he only pertinent fact [plaintiff] includes about the two calls—that he spoke to a live human, []—undercuts his conclusory assertion that defendants used an ATDS").

Plaintiff likewise offers only unsupported conclusions regarding Porch's alleged use of an ATDS. *See* discussion at pp. 2-4 *supra*. Federal courts have routinely rejected similarly unsupported

allegations regarding calling methods that merely regurgitate the elements of a TCPA claim. *See, e.g.,* *Saragusa v. Countrywide,* 2016 WL 1059004, at *4 (E.D. La. Mar. 17, 2016), *aff'd* 707 F. App'x 797 (5th Cir. 2017) ("mere recitation of the elements" that defendant used an "artificial or prerecorded voice" are insufficient); *Kruskall,* 2016 WL 1056973, at *3 ("[Plaintiff] does not allege sufficient facts regarding 'the nature or content of the calls ... or other facts that would allow the Court to make a reasonable inference' that the calls were made using an ATDS."); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016) (dismissing where, *inter alia,* the complaint had "no description of the content of the calls … and no information regarding … why they believed that an 'artificial or prerecorded voice'" was used); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015) (dismissing where plaintiff had "'not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone'") (internal citations omitted); *Trumper v. GE Capital Retail Bank*, 2014 WL 7652994, at *2 (D.N.J. July 7, 2014) (dismissing where Plaintiff had pleaded "no factual allegations suggesting that the voice on the other end of the line was prerecorded"). This Court should rule similarly in this case.

### D.   Plaintiff Has Pleaded No Facts Supporting His TCPA "Do Not Call" Claim.

Plaintiff has similarly failed to plead a violation of the TCPA's Do Not Call ("DNC") provision, 47 U.S.C. § 227(c)[12] which provides a cause of action to "[a] person who has received *more than one* telephone call within any 12-month period **by or on behalf of** the same entity in violation of the regulation." 47 U.S.C. § 227(c)(5) (emphasis added); *see also* 47 CFR § 64.1200(c)(2). Plaintiff fails to allege which calls were actually made by or on behalf of Porch and thus cannot state a claim that Porch has made *multiple* calls to him *after notifying* Porch "that he did not wish to be called." *See* Compl. ¶ 24. Conclusory allegations like these are insufficient to state a DNC violation. *See, e.g., Cunningham*

---

[12] Plaintiff mistakenly cites 47 U.S.C. § 227(c)(3)(G) (as opposed to 47 U.S.C. § 227(c)(5)), which does not create a private right of action, but rather authorizes the FCC to implement regulations specifying the methods by which persons seeking to make solicitations can access the DNC registry list.

*v. Prof'l Educ. Inst., Inc.*, 2018 WL 6709515, at *6 (E.D. Tex. Nov. 5, 2018), *report and recommendation adopted*, 2018 WL 6701277 (E.D. Tex. Dec. 20, 2018) (holding that Plaintiff failed to adequately plead a DNC violation where "Plaintiff's allegations under this specific part of the statute constitutes one sentence and provide no detail whatsoever as to the nature or extent of these violations"); *Jung v. Bank of Am.*, 2016 WL 5929273, at *9 (M.D. Pa. Aug. 2, 2016) (dismissing DNC claim where plaintiff offered no facts). In short, Plaintiff's DNC claim fails  and should be dismissed for the same reasons his other TCPA claim.

### E.       Plaintiff Fails to State a Claim Under the MTSA Against Porch.

Plaintiff's conclusory allegations are insufficient to state a MTSA claim against Porch for the same reasons that they fail to state a TCPA claim—*i.e.*, Plaintiff merely regurgitates the elements of the statute without facts connecting Porch to any of the calls. *See* Compl. ¶¶ 28-32.  For example, the relevant MTSA provisions that Plaintiff invokes require proof that a telephone solicitor (1) "***ma[d]e or cause[d] to be made***" an "unsolicited telephonic sales call" to a consumer whose name and number are on the no sales solicitation calls list or by use of a recorded message device; (2) used a blocking device to circumvent the use of a caller identification device; and that the solicitor; (3) failed to disclose within the first minute of a call "the correct name of the telemarketing company that employs the individual telemarketer" or the "correct name of the ultimate seller whose goods and services are being offered" on the call.  M.G.L. c. 159C §§ 3(i), 3(iv), 4, 5A(a).  As noted above, Plaintiff pleads no facts supporting any of these elements.  *See* discussion at pp. 2-4, *supra*.  Therefore, Plaintiff's MTSA claim fails, as well.  *Jones v. Experian Info. Sols., Inc.*, 141 F. Supp. 3d 159, 162-63 (D. Mass. 2015) (dismissing claim where plaintiff failed to plead adequate facts alleging a violation of the MTSA).

### F.       Plaintiff Fails to State a Claim Under the MCPA Against Porch.

Plaintiff also concludes, without support or explanation, that "[a]ll of the above acts constituted a violation of the [MCPA], being unfair and deceptive acts."  Compl. ¶ 33.  More specifically, Plaintiff

contends that, because Porch's conduct violates the TCPA and the MTSA, Porch has violated the MCPA's prohibition on unfair and deceptive conduct without more. *See id.* ¶¶ 22-33. These allegations fail to state a MCPA violation for several reasons.

**First,** since Plaintiff's TCPA and MTSA claims fail, so too must Plaintiff's MCPA claim. *See, e.g.*, *Jones v. NCO Fin. Servs.*, 2014 WL 6390633, at *3-4 (D. Mass. 2014) ("To the extent Jones's claim against Hanna is predicated upon the existence of the above violations, the derivative Chapter 93A claim cannot stand.  As discussed above, Jones has failed to plead a sufficient TCPA claim against this defendant."); *Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013) (concluding that "[b]ecause Plaintiff did not establish the existence of a viable TCPA claim, his derivative Chapter 93A claim fails as a matter of law").[13]

**Second**, a TCPA claim alone cannot establish a MCPA violation.  Chapter 93A, § 2, declares as unlawful "unfair or deceptive acts or practices in the conduct of trade or commerce."  To prevail, a plaintiff must establish the commission of an unfair or deceptive act or practice and a causal connection between the deception and the loss.  *See Gorbey ex rel. Maddox v. Am. J. of Obstetrics & Gynecology*, 849 F. Supp. 2d 162, 165 (D. Mass. 2012).  It is well-settled that a TCPA violation, <u>without more</u>, is not a *per se* violation of the MCPA.  *See*, *e.g.*, *Jones v. Experian*, 141 F. Supp. at 163 (citing *Swenson v. Yellow Transp., Inc.*, 317 F. Supp. 2d 51, 54 (D. Mass. 2004)).

**Third**, "[m]ere negligence cannot maintain a [MCPA] claim; rather, the defendant must have committed some extreme or egregious fault." *Id*.  As Plaintiff does not plead any facts showing extreme or outrageous conduct, Plaintiff's MCPA claim should be dismissed under Rule 12(b)(6) and the Complaint should be dismissed in its entirety.

---

[13] Similarly, because Plaintiff' vicarious liability claims under the TCPA fail, so too does a vicarious liability claim under the MCPA since Massachusetts state courts apply the same common law agency principles that federal courts do.  *See, e.g.*, 14 Mass. Prac., Summary of Basic Law § 1:2 (5th ed., Westlaw) (citing various cases); *DaRosa, ex rel. DaRosa v. R & F Transp. Co., Inc.*, No. C.A. BRCV1999-01308, 2001 WL 1018615, at *3 (Mass. Super. Aug. 28, 2001) ("Massachusetts does not recognize vicarious liability without proof of agency.").

## CONCLUSION

For the reasons stated above, the TCPA, MTSA, and MCPA claims fail to state a claim against Porch.  Further, this Court does not have personal jurisdiction over Porch, a non-resident Defendant where Plaintiff has failed to allege *any* conduct by Porch that relates *in any way* to Massachusetts, let alone to these causes of action.  Accordingly, Porch respectfully requests that the Court enter an order granting the Motion in its entirety and dismissing Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and/or 12(b)(6).[14]

---

[14] *See In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.*, 76 F. Supp. 3d 279, 288 (D. Mass. 2015) ("dismissal for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) typically is 'presumed to be with prejudice,' because it serves as 'a final decision on the merits.'") (citing *United States ex rel. Karvelas v. Melrose–Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004), *abrogated on other grounds by United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40 (1st Cir. 2009) and *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 388–89 (1st Cir. 1994)).

DATED:  March 14, 2019                    Respectfully submitted,

                                          PORCH.COM, INC.


                                          By its attorneys,

                                          _/s/ Ryan M. Cunningham_____
                                          Peter E. Ball, BBO #546031
                                          Ryan M. Cunningham, BBO #661440
                                          FITCH LAW PARTNERS LLP
                                          One Beacon Street
                                          Boston, MA  02108
                                          (617) 542-5542
                                          peb@fitchlp.com
                                          rmc@fitchlp.com

                                          Christine Reilly (*pro hac vice forthcoming*)
                                          creilly@manatt.com
                                          Manatt, Phelps & Phillips, LLP
                                          11355 W. Olympic Blvd
                                          Los Angeles, CA 90064
                                          310 312 4000

                                          Danielle C. Newman (*pro hac vice forthcoming*)
                                          dnewman@manatt.com
                                          Manatt, Phelps & Phillips, LLP
                                          7 Times Square
                                          New York, NY 10036
                                          312 626 1813


### CERTIFICATE OF SERVICE

        I hereby certify that on March 14, 2019, the foregoing document was filed electronically

with the Clerk of the Court using the CM/ECF system and will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing and paper copies will be

sent to those indicated as non-registered participants by first class mail.


                                          */s/ Ryan M. Cunningham*
                                          Ryan M. Cunningham