**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WILLIAM MCDERMET ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 1:19-cv-10284-RGS |
| ) | |
| PORCH.COM, INC. ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSTION TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff William McDermet, pro se, herby submits his Memorandum of Law in Opposition to Defendant's Motion to Dismiss.

**INTRODUCTION**

Contrary to Defendant's assertions, all of Plaintiff's claims are properly brought, and none are ripe for dismissal. The Complaint properly establishes jurisdiction, and properly states several colorable claims under both the State and Federal statutes.

**ARGUMENT**

I.  **Applicable Legal Standards**

   A.  **Personal Jurisdiction is Present**

Defendant attempts to muddy the waters of jurisdiction, and claims that personal jurisdiction is not proper here, simply because the TCPA has no language addressing service.

Defendant cites Roy v. FedEx, but ignores the first option in that jurisdictional analysis, "subject to jurisdiction in the forum." *Roy v. FedEx Ground Package Sys., Inc,* 2018 WL 2324092, at *3 (D. Mass. May 22, 2018). By reaching out to offer home improvement services in Massachusetts, Porch.com voluntarily and knowingly subjected itself to personal jurisdiction in the state. The contact with the state need only be minimal. *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The first call to Plaintiff created personal jurisdiction regarding this action, which arises out of that illegal call. The next 138 cemented that standing.

### B. The Claims Are Properly Stated

The standard for dismissal under Fed. R. Civ. P. 12(b)(6) has not been met; rather, Plaintiff has met the standard for asserting a colorable claim. Plaintiff concedes that some facts supporting his claims are not precisely recited; however, Plaintiff avers that this deficiency is attributable to the efforts of Defendant and its agents to obscure the identities of those agents. Several of the tortious acts which Plaintiff alleges were committed by entities who are obviously agents of the Defendant, whose identities Defendant has declined to reveal. Plaintiff is confident that the discovery process will allow him to pierce Defendant's veil of secrecy, and repair this deficiency.

Plaintiff also observes that he need not lay out every detail of his claim in the initial complaint, but merely allege a plausible claim.

To withstand a Rule 12(b)(6) motion to dismiss, a complaint merely needs to allege a claim that plausibly entitles the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The standard here is plausibility, not probability, but "more than a sheer possibility the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct.

1955). A complaint "does not need detailed factual allegations," but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted).

Evaluating plausibility is a two-step process. *Rodriguez–Reyes v. Molina–Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013). "First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited). Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim to relief." *Id.* "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.* (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

Whether the Plaintiff is likely to succeed at trial or summary judgment is not the question before the court today. The court must merely determine whether Plaintiff has stated a cause of action where he may be entitled to relief, and whether he has alleged violations of that law which would entitle him to relief. The TCPA and MGL 159C outlaw telephone calls to a subscriber who has placed his number on the Do-Not-Call registries. In the complaint, Plaintiff states that he did place his telephone number on those registries, and alleges that Defendant later violated those statutes by telephoning him. It matters not whether a defendant actually placed those calls, or instead let a third party do the dirty work for them.

Plaintiff has therefore met the standard for stating a claim upon which relief may be granted.

## II.     Federal Rule 12(b)(2) – Personal Jurisdiction

Defendant claims that the pleadings convey insufficient facts to support jurisdiction. This assertion ignores the very language of Massachusetts's Long-arm statute: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth…"  General Laws c. 223A, § 3(a) and (e) (1988 ed.)  A long line of cases supports the broad application of this statute: "The term "transacting business" is broadly construed, see Bond Leather Co. v. Q.T. Shoe Mfg. Co., 764 F.2d 928, 931 (1st Cir.1985), and "applies to any purposeful acts by an individual, whether personal, private, or commercial." Ross v. Ross, 371 Mass. 439, 441 (1976).  The Supreme Judicial Court has suggested that even in two cases where the contacts with the Commonwealth were held to be constitutionally insufficient ("Automatic" Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441 [1972], and Droukas v. Divers Training Academy, Inc., 375 Mass. 149 [1978]), "the defendants might be viewed literally as having `transacted business'" within the Commonwealth. Good Hope Indus., Inc., 378 Mass. at 8 n. 13.  Haddad v. Taylor, 32 Mass. App. Ct. 332 (1992).

One call from Defendant to Plaintiff would have constituted minimum contact.  Plaintiff alleges that he received 139 calls; this is far beyond minimum contact.  Those calls are the subject of this action.  By reaching out to Massachusetts homeowners, Defendant has subjected itself to personal jurisdiction in the commonwealth.

## III.     The Complaint Properly States Multiple Claims

### A. The Complaint Does Demonstrate TCPA Liability

The Telephone Consumer Protection Act prohibits solicitation calls to phone numbers which have been registered with the Do-Not-Call registry.  It provides for a private cause of

action for consumers who receive calls to numbers which have been registered under the regulations which the statute authorizes. 47 U.S. Code § 227(c)(5).  This Complaint states the necessary elements for a cause of action:

1. Plaintiff registered his phone numbers several years ago; and
2. Plaintiff received numerous solicitation calls from a lead generator who appears to have been operating on behalf of Defendant.

Plaintiff has thus satisfied the rather simple requirements for stating a claim under the TCPA.

### Plaintiff Need Not Prove Direct TCPA Liability

Defendant claims that a TCPA claim is not properly stated, because Plaintiff does not plausibly allege that it was actually Porch who called him.  However, as the complaint very clearly points out, the callers themselves refused to reveal their identity, and used untraceable pseudonyms and spoofed phone numbers.  Also, the complaint states that Plaintiff, inquiring with contractors he was lead to, was told that those contractors had gotten the 'leads' from a 'lead generator' named Porch.com.  Plaintiff will show in discovery that these contractors provided specific information as to the location of the lead generator.

The facts as plead do properly allege a TCPA claim.  Defendant takes great pains to hide its identity, and avoid the liability it generates by its tortious acts.  Defendant should not be allowed to now use that camouflage to escape.  This principle is articulated perfectly in *Donaca v. Dish Network, LLC*, a case which Defendant cites, but whose real meaning Defendant pointedly ignores.  That ruling cites – and agrees with – the FCC's ruling that a principle can – and in many cases must – be liable for its agent's actions, even absent direct control.  To conclude otherwise would allow those wishing to engage in prohibited telemarketing to escape

liability by simply farming out the work. Donaca v. Dish Network, LLC, 303 R.R.D. 390, 394-96 (D. Colo. 2014).

### B. Plaintiff Has Properly Alleged Violations Regarding Use of an ATDS

Porch also argues that the complaint lacks facts supporting the allegation that the calls complained of were made using an Automated Telephone Dialing System to initiate the calls. The "sufficiency of a plaintiff's TCPA claim 'turns on whether he plausibly pleads that defendants used an ATDS,'" but a "bare allegation that defendants used an ATDS is not enough." Jones v. FMA, 978 F. Supp. 2d at 86 (quoting Gragg v. Orange Cab Co., 942 F. Supp. 2d 1111, 1113 (W.D. Wash. 2013)). A well-pled ATDS claim relies "on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used." Id. at 87 (quoting Gragg, 942 F. Supp. 2d at 1114); see Hickey v. Voxernet, LLC., 887 F. Supp. 2d 1125, 1129-130 (W.D. Wash. 2012) (noting that because of "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery . . . courts can rely on details about the call to infer the use of an ATDS" (internal quotation marks omitted)). Describing "the robotic sound of the voice on the other line, the lack of human response when [] attempt[ing] to have a conversation with the 'person' calling [or] the generic content of the message [] received" may suffice to establish a plausible TCPA claim. Jones v. NCO Fin. Servs., No. 13-cv-12101-DJC, 2014 WL 6390633, at *2 (D. Mass. Nov. 14, 2014) (citing Johansen v. Vivant, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)), vacated and remanded sub nom., Jones v. Hanna, No. 14-cv-2346 (1st Cir. Mar. 28, 2016). The First Circuit has found that the timing, length, frequency and volume of the alleged phone calls may permit a reasonable inference that an ATDS was used. Jones, No. 14-cv-2346, at *2.

Here, Plaintiff alleges specific dates and the exact number of solicitation calls received on noted dates. Plaintiff also claims his greeting was met with a prerecorded message on nineteen occasions. Furthermore, Plaintiff alleges that on some occasions, his efforts to learn the identity and address of the caller were met with refusal, and, on three occasions, obscenities. Final, Plaintiff alleges in his complaint that on many occasions, the caller did not know his name. Taken together, these facts suffice to raise an inference that an ATDS was used and thus state a claim that is plausible on its face.

### C. Plaintiff Has Properly Alleged Use of a Recorded Voice and ATDS

Here, Plaintiff can only point to paragraphs 10, 14, 15, and 16 of his Complaint.

### D. Plaintiff Has Properly Stated a Claim under the MTSA

Plaintiff alleges that Trinity violated § 3(i) of the MTSA, which provides that a "telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer: (i) if the consumer's name and telephone number appear on the then current quarterly no sales solicitation calls listing made available." Mass. Gen. L. c. 159C, § 3(i). Because Plaintiff states sufficient facts, taken as true, to allege that Porch's calls were unsolicited telephonic sales calls and he expressly claims his phone numbers have been on "Do Not Call" lists since 2003 and 2010, well before the alleged calls from Porch occurred, the complaint contains sufficient factual matter to state a plausible claim under § 3(i).

Defendant's assertion that the Complaint makes no connection to Porch ignores paragraph 21, which raises questions of fact which can only be dismissed by a fact-finder, after examination.

Accordingly, Porch's motion to dismiss Plaintiff's MTSA § 3(i) claim should be denied.

### E.  Plaintiff Has Properly Stated a Claim Under the MCPA

The Massachusetts Consumer Protection Act does not define any specific business actions that violate the law; rather it states that "unfair or deceptive practices" are illegal. Plaintiff suggests that 139 unwanted telephone calls might easily be construed to violate that statute.

### IV.     The TCIA does grant Plaintiff a private right of action.

Oddly, in Footnote 1 of its memorandum, Defendant tangentially suggests that Plaintiff's claims under the Truth in Caller ID Act should be dismissed.  Defendant offers no legal argument nor case law for this assertion, and suggests that a prior case brought by Plaintiff (McDermet v. Heath) should serve as precedent.  However, in that case, the Court did not – as Defendant alleges – dismiss that claim.  Rather, Plaintiff voluntarily dismissed that claim; therefore, the Court never made any legal analysis of that TCIA claim.  Plaintiff asks this Court to ignore Defendant's oblique request to dismiss the TCIA claim here, because Defendant makes no argument whatsoever supporting such a dismissal.

In 47 U.S. Code § 227(b)(3), Congress provided for a private right of action for "a violation of this subsection".  That subsection makes no specification as to which violations of § 227 create a private right of action, and the Court must therefore conclude that Congress intended for *any* violations of § 227 to create a private right of action.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

By William McDermet, pro se
 /s/   William McDermet
4 Second Street
Ipswich, MA 01938
978.270.8669
xebec2718@gmail.com

BBO# 698527

## CERTIFICATION OF SERVICE

I hereby certify that on this day, March 27, 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Peter E. Ball, BBO #546031
Ryan M. Cunningham, BBO #661440
FITCH LAW PARTNERS LLP
One Beacon Street Boston, MA  02108
(617) 542-5542
peb@fitchlp.com rmc@fitchlp.com

Christine Reilly
creilly@manatt.com
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd
Los Angeles, CA 90064
310 312 4000

Danielle C. Newman
dnewman@manatt.com
Manatt, Phelps & Phillips, LLP
7 Times Square New York, NY 10036

  /s/  William McDermet
William McDermet, pro se