# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDERMET<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CT INSTALL AMERICA, LLC,<br>PORCH.COM, INC.<br><br>　　　　　　　Defendant. | Civil Action No.  1:19-cv-10284-RGS<br><br>**Jury Demand Contained Herein** |

## DEFENDANT PORCH.COM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF WILLIAM MCDERMET'S COMPLAINT

Defendant Porch.com, Inc. ("Porch") hereby answers the Complaint and Jury Demand (the "Complaint") of Plaintiff William McDermet ("Plaintiff").

1.　　Paragraph 1 does not raise any factual issues requiring a response.  To the extent any response is required, Porch admits only that the action purports to assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Massachusetts's Telemarketing Solicitation statute, M.G.L.c. 159C; and the Massachusetts Consumer Protection Act, M.G.L.c. 93A.  To the extent the remaining allegations in Paragraph 1 require a response, Porch denies those allegations.

## THE PARTIES

2.　　Porch lacks information sufficient to form a belief as to the allegations in Paragraph 2 and therefore denies those allegations.

3.　　Porch lacks information sufficient to form a belief as to the allegations in Paragraph 3 and therefore denies those allegations.

4.　　Porch admits that it is a corporation registered with the Washington Secretary of

State and organized under the laws of Delaware. Porch admits that its principal place of business is 2200 First Avenue South, Seattle, WA 98134.

## JURISDICTION AND VENUE

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent any response is required, Porch denies the allegations in Paragraph 5. Further, Porch lacks information sufficient to form a belief as to the allegations in Paragraph 5 concerning Defendant CT Install and therefore denies them.

6. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 6 and therefore denies them.

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent any response is required, Porch lacks information sufficient to form a belief as to those allegations and therefore denies them.

## STATEMENT OF FACTS

8. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 8 and therefore denies them.

9. Porch denies the allegations in Paragraph 9.

10. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 10 and therefore denies them.

11. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 11 and therefore denies them.

12. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 12 and therefore denies them.

13. Porch lacks information sufficient to form a belief as to the allegations in Paragraph

13 and therefore denies them.

14. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 14 and therefore denies them.

15. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 15 and therefore denies them.

16. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 16 and therefore denies them.

17. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 17 and therefore denies them.

18. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 18 and therefore denies them.

19. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 19 and therefore denies them.

20. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 20 and therefore denies them.

21. Porch lacks information sufficient to form a belief as to the allegations in Paragraph 21 and therefore denies them.

## COUNT I
## VIOLATIONS OF FEDERAL DO-NOT-CALL LAWS

22. Paragraph 22 does not raise any factual issues requiring a response. To the extent any response is required, Porch realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

23. Porch denies the allegations in Paragraph 23.

24. Porch denies the allegations in Paragraph 24.

25. Porch denies the allegations in Paragraph 25.

26. Porch denies the allegations in Paragraph 26.

27. Porch denies the allegations in Paragraph 27.

## COUNT II
## VIOLATIONS OF THE MASSACHUSETTS DO-NOT-CALL STATUTE M.G.L. c. 159C AND THE MASSACHUSETTS CONSUMER PROTECTION ACT

28. Paragraph 28 does not raise any factual issues requiring a response. To the extent any response is required, Porch realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

29. Porch denies the allegations in Paragraph 29.

30. Porch denies the allegations in Paragraph 30.

31. Porch denies the allegations in Paragraph 31.

32. Porch denies the allegations in Paragraph 32.

33. Porch denies the allegations in Paragraph 33.

34. Porch denies the allegations in Paragraph 34.

## PRAYER FOR RELIEF

Porch denies that Plaintiff is entitled to any relief.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the facts alleged in the Complaint, Porch asserts and alleges the following separate and additional defenses, without prejudice to Porch's right to argue that Plaintiff bears the burden of proof as to any one or more of these defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Porch upon which relief can be granted, and therefore ought to be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot carry his burden of showing that any action by Porch was willful or knowing.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was caused or contributed to by the acts of Plaintiff or third parties other than Porch. Accordingly, Plaintiff's recovery from Porch, if any, should be barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands because he manufactures TCPA lawsuits by submitting his personal information to various websites in order to induce telephone calls. Plaintiff creates fictitious personas such as "Michael Bastarche" and often uses fake email addresses, but provides his actual telephone number and home address. Plaintiff is in the business of suing entities for violations of the TCPA and has filed numerous single-plaintiff TCPA complaints in this district and in the Commonwealth of Massachusetts. *See, e.g.*, *McDermet v. Trinity Heating and Air, Inc.*, No. 1:17-cv-10566 (filed April 3, 2017); *McDermet v. John C. Heath Attorney PLC*, No. 1:17-cv-12327 (filed Nov. 27, 2017); *McDermet v. Liberty Power Corp., LLC et al.*, No. 1:18-cv-10043 (filed Jan. 9, 2018); *McDermet v. Vehicle Prot. Dept. LLC*, 1877CV00221 (filed Feb. 13, 2018); *McDermet v. Discount Power*, 1877CV00220 (filed Feb. 13, 2018); *McDermet v. Intercontinental Capital Grp. Inc., et al.*, 1777CV01865 (filed Dec. 13, 2017); *McDermet v. Simpson Fin. Grp.*, 1777CV00162 (filed Feb. 6, 2017); *McDermet v. SolarCity Corp.*, 1677CV01409 (filed Sept. 15, 2016).

**SIXTH AFFIRMATIVE DEFENSE**

If Plaintiff was damaged in any manner then said damages, if any, or the whole thereof, were and are a result of the failure of Plaintiff to mitigate his damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of assumption of risk because Plaintiff voluntarily opted in to receive calls and failed to engage in reasonable efforts to cease the calls.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff provided his prior express consent to be contacted.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint and the purported claims for relief stated therein are barred because Plaintiff has not sustained any injury or damage as a result of any act or omission of Porch.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered is negligible.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, were caused in whole or in part by the actions of parties other than Porch.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for injunctive relief insofar as he seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### FOURTEENTH AFFIRMATIVE DEFENSE

Certain additional defenses to the Complaint and to the purported claims for relief stated therein may be available to Porch.  However, these additional defenses may require discovery before they can be properly alleged.  Thus, Porch reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Porch demands a trial by jury of all issues triable of right by jury.

### PRAYER

WHEREFORE, Porch prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;
2. Plaintiff takes nothing by this action;
3. Porch be awarded their costs of suit; and,
4. Porch be awarded such other relief as the Court deems just and proper.

DATED:  April 30, 2019				Respectfully submitted,

							PORCH.COM, INC.

							By its attorneys,

							*/s/ Ryan M. Cunningham*
							Peter E. Ball, BBO #546031
							Ryan M. Cunningham, BBO #661440
							FITCH LAW PARTNERS LLP
							One Beacon Street
							Boston, MA  02108
							(617) 542-5542
							peb@fitchlp.com
							rmc@fitchlp.com

							Christine Reilly (*pro hac vice)*
							Manatt, Phelps & Phillips, LLP
							11355 W. Olympic Blvd
							Los Angeles, CA 90064
							(310) 312-4000
							creilly@manatt.com

							Danielle C. Newman (*pro hac vice*)
							Manatt, Phelps & Phillips, LLP
							7 Times Square
							New York, NY 10036
							(312) 626-1813
							dnewman@manatt.com

## **CERTIFICATE OF SERVICE**

    I, Ryan M. Cunningham, hereby certify that on April 30, 2019, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants by first class mail.

                                                       */s/ Ryan M. Cunningham*